## P. H. TOMLINSON v. STATE.

No. A-4470. Opinion Filed Sept. 9, 1924.
(228 Pac. 608.)

(Syllabus.)

1. Evidence — Circumstantial Evidence — Sufficiency to Convict.
Where a conviction is sought upon circumstantial evidence,

alone, the circumstances proved must be consistent with each other, and inconsistent with any rational hypothesis other than defendant's guilt.

2. **Intoxicating Liquors—Evidence Insufficient to Sustain Conviction of Unlawful Possession.** In a prosecution for unlawful possession of intoxicating liquor, evidence considered, and held insufficient to support verdict and judgment of conviction.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

P. H. Tomlinson was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

James H. Mathers, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that P. H. Tomlinson did have in his possession four pints of whisky with the unlawful intent to sell the same. Upon his trial he was found guilty, and his punishment fixed at a fine of $50 and confinement in the county jail for 30 days. He has appealed from the judgment rendered upon such conviction.

The errors assigned question the sufficiency of the evidence to support the verdict.

Con Kerzie, chief of police at Healdton and deputy sheriff, testified that he visited the defendant's place of business on the roadside between the towns of Dillard and Rexroat, about 7 miles from Healdton, and with other officers found four pints of whisky hid in the weeds behind defendant's place, and that the place had the reputation of being a bootlegger's joint; that defendant and his wife and three children lived in the back part of the little store; that there were a

number of oil derricks and a number of people just back of the place and within a short distance from where the whisky was found, and it might have been on Westheimer's land.

Deputy Sheriff Gravitt testified:

"We stopped to search the place; the other boys went in the house; I went on the outside, and found in the weeds four bottles of whisky, just across a ditch 20 or 25 feet back from this store; oil derricks and lots of roustabouts working there; never raided the place before."

As a witness in his own behalf, P. H. Tomlinson testified that his wife and himself and three small children lived in this little store on the section line; that he and his wife measured with a tape from his home to where the officer claims to have found the whisky, and it was exactly 80 feet; that he worked as a tool dresser for the Carter Oil Company, and was never before arrested; that the whisky found was upon Westheimer's land; that he had no control, possession or interest in said land; that it was not his whisky, and he had no knowledge that it was there; that he had never sold whisky or intoxicating liquors of any kind; that oil derricks and oil field workers in large numbers were closer to the place where the whisky was found than his home; that no whisky was ever found in his possession or on his property.

The testimony of Mrs. Tomlinson, his wife, was substantially the same.

Mr. Hutchinson, brother of defendant's wife, testified that he lived with defendant, and that no whisky of any kind had ever been sold or kept by defendant, and that no person had ever drank any whisky in his place.

Under the facts disclosed in evidence, it is clear that this conviction cannot be sustained. It will be observed that there is not a scintilla of direct evidence tending to show

that the defendant had possession of the whisky in question. The mere fact alone that it was found not far from his home is not significant, where it is shown that numerous oil field workers were nearby. Circumstantial evidence is legal evidence, and if it is of such a quantity and quality as to establish the defendant's guilt beyond a reasonable doubt, it will sustain a conviction. It is the rule in this state, however, that, where a conviction is sought upon circumstantial evidence alone, the circumstances proved must not only be consistent wtih each other, and with the hypothesis of the defendant's guilt, but inconsistent with any rational hypothesis other than his guilt. In our opinion the evidence is wholly insufficient to support this conviction.

The judgment of the lower court is therefore reversed.

MATSON, P. J., and BESSEY, J., concur.